AMERICAN HOIST & DERRICK CO. v. NANCY HANKS HAY PRESS & FOUNDRY CO. et al.

(District Court, N. D. Georgia. March 23, 1915.)

No. 12.

EQUITY ⬅392—REHEARING—NEW EVIDENCE—LACHES.
    A rehearing in an equity case will not be granted to allow the introduction of new evidence, where such evidence was known at the time the briefs were filed, but no motion was made to suspend or delay the case for the purpose of introducing such evidence.
    [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 834–851; Dec. Dig. ⬅392.]

On motion for rehearing. Denied.

For original opinion, see 216 Fed. 785.

Timothy D. Merwin, of New York City, for plaintiff.

James P. Field, of Atlanta, Ga., for defendant.

NEWMAN, District Judge. This is a motion for rehearing in an equity case which was heard January 21 to 23, 1914. Decision was reserved, and counsel given opportunity to file briefs. The briefs were not filed for several months, and a decision was made in the case and an opinion filed July 28, 1914. The motion for a rehearing was filed on the 16th day of November, 1914.

When the defendants filed their brief in this case, they knew of the facts which they now propose to offer as ground for granting a rehearing; but, instead of asking the court to suspend the case or delay it for the purpose of putting in the new evidence, they waited until after the decision of the court had been rendered and the opinion filed. If the application for a rehearing should be granted, it would be neces-

sary for the court to go further into the case, and largely into the merits of the matter, and determine whether or not the Mallon patent, which it is claimed anticipates the Crosby patent, which is set up here by the plaintiff, and whether or not the checking or binding device in the two patents, are equivalents.

Without going further into the matter, the motion for a rehearing must be denied because of the laches of the defendant in bringing this matter into the case and to the attention of the court.